Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v New York State Dept. of Corr. & Community Supervision (2023 NY Slip Op 03388)

Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v New York State Dept. of Corr. & Community Supervision

2023 NY Slip Op 03388

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

535261
[*1]In the Matter of New York State Correctional Officers and Police Benevolent Association, Inc., et al., Appellants,
v
New York State Department of Corrections and Community Supervision et al., Respondents.

Calendar Date:April 26, 2023

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Lippes Mathias LLP, Albany (Alexander H. Wynkoop of counsel), for appellants.
Letitia James, Attorney General, Albany (Andrea Oser of counsel), for respondents.

Clark, J.
Appeal from a judgment of the Supreme Court (Christina L. Ryba, J.), entered March 17, 2022 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, granted respondents' motion for summary judgment dismissing the amended petition.
Petitioners Corey Beedham, Timothy Delaney, Chace Deloach, Cady Eastwood, Jack Lighthall and David Thompson are correction officers employed by respondent Department of Corrections and Community Services (hereinafter DOCCS) and are represented in collective bargaining by petitioner New York State Correctional Officers and Police Benevolent Association, Inc. In January 2021, petitioners commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, challenging respondents' determinations regarding the individual petitioners' paid leave requests after a period of quarantine or isolation due to COVID-19. Respondents moved to dismiss the petition arguing, in part, that the CPLR article 78 claims had been rendered moot, as the individual petitioners had been granted quarantine leave. Supreme Court (Ceresia, J.) found that the individual petitioners had received all of the relief to which they were entitled and, as such, granted that portion of the motion and dismissed the CPLR article 78 claims. Petitioners thereafter filed an amended petition seeking a declaration that all DOCCS employees "are entitled to paid leave of absence for any and all state-directed mandatory or precautionary orders of quarantine or isolation," among other things. Respondents moved for summary judgment dismissing the amended petition, which petitioners opposed. Supreme Court (Ryba, J.) granted respondents' motion for summary judgment and dismissed the amended petition. Petitioners appeal.
Respondents argue that petitioners lack standing to bring this declaratory judgment claim. For the reasons recently articulated in Matter of Spence v New York State Off. of Mental Health (211 AD3d 1430 [3d Dept 2022]) — namely, that "the determination as to whether an individual . . . member is entitled to paid quarantine leave requires an inquiry into the specific circumstances surrounding such request for leave" — we agree (id. at 1432). In light of such determination, petitioners' remaining contentions have been rendered academic.
Lynch, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.